UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                   )<br>)<br>LAWRENCE RUTHERFORD            )<br>)<br>Defendant                                  )<br>) | Criminal No. 19-40041-TSH |

**HILLMAN, D.J.**

**FINDING AND ORDER ON MOTION TO SUPPRESS**

November 4, 2020

**Introduction**

The Defendant Lawrence Rutherford has moved to suppress from the introduction into evidence against him at trial, two 22 caliber firearms and ammunition taken from his apartment at 15 Aetna Street in Worcester.  The search and subsequent seizure took place on June 5, 2019 pursuant to a search warrant.  The Defendant claims that the information in the affidavit in support of the search warrant was stale because law enforcement executed the warrant more than a month after the last alleged instance of the Defendant's participation in any drug operations, and that the affidavit failed to establish a nexus between the searched premises and the alleged drug dealing enterprise. For the reasons set forth below that Motion is **denied.**

**Facts**

The affidavit in support of the search warrant authorizing the search of Mr. Rutherford's apartment alleges that ATF agents and the Worcester Police had been investigating an individual named Junior Melendez and his associates for narcotics and firearm offenses since July of 2018.

Mr. Melendez was allegedly the leader of a street gang known as The Almighty Vice Lords.  As part of that investigation a wiretap was obtained for Mr. Melendez's cellphone.  From that wiretap the agent learned that phone number 714-615-6334 was being used by the Defendant Rutherford and that Rutherford and Melendez interacted over the course of several months about the distribution of narcotics.

   Specifically, that interaction centers around intercepted conversations in March, April , and May of 2019.  On March 17, 2019 Melendez called Rutherford asking what his address was.  Although speaking in code, the affidavit opines that the Defendant gave Melendez descriptive information about his residence.  On March 26, 2019, the Defendant and Melendez texted each other in code to exchange drugs.  The code was a text regarding a birthday party for the Defendant's mother who according to law enforcement had deceased long before the phone conversation.  On April 7, 2019 Melendez called the Defendant to discuss the distribution of crack and on April 16, 2019 a similar conversation took place.  While these conversations were coded the affidavit provided sufficient corroboration in addition to these conversations to establish probable cause that the conversations related to drug distribution.

   For example, on April 7th in addition to the intercepted phone conversations,  Worcester Police surveilled 15 Aetna Street and observed Melendez and an associate named Antoine Mack, (a/k/a "Leg") who was a known Vice Lord gang member meet on the sidewalk with Rutherford across the street from 15 Aetna Street.  Those observations took place at 2:35 in the afternoon on April 7th.  Worcester Police drove by the premises at 2:53 p.m. and Melendez's car was still present, however Melendez and Rutherford were no longer outside.  Those observations corroborated an intercepted voice call between Melendez and David Nevins, a known cocaine distributor.  Melendez told Nevins "it's at Banga's, I was by there a little while ago, me and Leg

was over there." Rutherford's street name is "Banga," and the conversation was a reference to the earlier meeting at 2:35 p.m. and supportive of the fact that Melendez had brought cocaine to 15 Aetna Street for later distribution by Rutherford and Nevins.

A week later on April 16, 2019, Melendez called Rutherford asking "you got the rest of the other shit." Rutherford replied that he did not but that "I got a nice chunk for you though," and that he (Rutherford) would be at the "crib" and the two agreed to meet later in the evening. Based on those telephone conversations the police again surveilled 15 Aetna Street and at 7:56 p.m. observed Melendez and Rutherford on the front porch and observed co-Defendant Shaun Walker pull up. Shaun Walker is also a known Vice Lords gang member and associate of Melendez. At 7:53 p.m. on that same day Melendez texted Rutherford that "I'm in your hallway."

The affidavit opines that the conversation between Melendez and Rutherford regarding "the chunk" was related to their conspiracy to distribute cocaine. This drug distribution activity continued into May of 2019. On May 14, 2019 Melendez sent a message to co-Defendant Shaun Walker advising that they get together with "Banga," and that they had a disagreement about fronting drugs without payment. The essence of the conversation is that Melendez was directing Walker to get money that Rutherford owed to Melendez.

### Discussion

Defendant first argues there is no probable cause to believe that any evidence of drug dealing was found at his apartment because the evidence had turned stale. Staleness arguments must consider various factors like "the nature of the information, the nature and characteristics of

criminal activity, and the likely endurance of the information." *United States v. Tiem Trinh,* 665 F.3d, 1, 13 (1st Cir. 2011). The 1st Circuit has described the so called "Bucuvalas factors" as:

(1) The nature of the suspected criminal activity ("discrete crimes" or "regenerating conspiracy");
(2) The habits of suspected criminal ("nomatic" or "entrenched");
(3) The character of the items seized ("perishable" or "of enduring utility");
(4) The nature and function of the premises to be searched ("mere criminal forum" or "secure operation")
*United States v. Bucuvalas*, 970 F,2d 37, 40 (1st Cir. 1992).

The Government posits that the search warrant affidavit laid out facts that Rutherford's conduct had continued into May of 2019 and that the warrant (issued on June 4, 2019) was issued less than two weeks from the last act of the conspiracy. They point to conversations on May 14, 2019, and May 23, 2019, where Melendez instructed Walker to get cash that Rutherford owed for drugs, and that subsequent calls and surveillance established that Melendez planned to use the cash to purchase cocaine from co-Defendant, co-conspirator Cordova. The affidavit establishes probable cause to believe that Rutherford sold drugs to Melendez, and Melendez sold drugs to Rutherford. It details meetings between the parties to conduct drug transactions at Rutherford's residence on Aetna Street ("got a nice chunk for you"). There was ample evidence in the affidavit to believe that evidence of the subject offense would be found at the apartment at 15 Aetna Street and that the evidence was not stale.

The Defendant also argues that there was no nexus tying 15 Aetna Street to the conspiracy to distribute cocaine. Again, there are numerous examples of the connection between the apartment and the conspiracy. On March 17th, Rutherford provided his address to Melendez. On April 7th Rutherford, Melendez, and Mack met at that address. Later that day Rutherford and Melendez had a call-during which Rutherford referenced drugs that Melendez had provided to him describing it as "cooked" i.e. crack cocaine. That same day Melendez talked to Nevins about

having access to drugs located at "Banga's". On April 16th police observed Rutherford and Melendez at Aetna Street after a call during which Rutherford said he had a "nice chunk" for Melendez. Accordingly, I find that there is sufficient evidence in the affidavit to establish probable cause regarding nexus.

For the reasons set for above the Defendant's Motion to Suppress is **denied.**

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE